IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30408
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENARO EDGARDO CORTES-URBINA, also known as Hernando Cortez,
also known as Eddie Urbina-Cortez, also known as Geraldo Garcia,
also known as Jose Jimenez

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(01-CR-293-ALL)
_____

December 11, 2002

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Genaro Edgardo Cortes-Urbina pleaded guilty to being found
unlawfully in the United States, in violation of 8 U.S.C. § 1326,
after being deported subsequent to an aggravated felony conviction.
In challenging sentence enhancements he received, pursuant to the
United States Sentencing Guidelines, for several prior convictions,
Cortes-Urbina contends those convictions were improperly considered

_____

[*] Pursuant to 5th Cir. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

because they were not imposed within ten years of *commencement* of the instant offense. *See* U.S.S.G. § 4A1.2(e)(2) and (3).

We have read the briefs and the applicable law, have heard the arguments of counsel, and have considered pertinent parts of the record. Our court has held that a "found in" violation is a continuing offense that commences when an illegal alien surreptitiously reenters the United States. ***United States v. Santana-Castellano***, 74 F.3d 593 (5th Cir. 1996). As such, Cortes-Urbina's prior convictions were within ten years of the *commencement* of the instant offense.

***AFFIRMED***